```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH C. BOONE,                            :
                                            :
                    Petitioner,             :        03 Civ. 2593 (RMB)(FM)
                                            :
         -against-                          :        **DECISION AND ORDER**
                                            :
FREDERICK MENIFEE, and UNITED STATES        :
PAROLE COMMISSION                           :
                                            :
                    Respondents.            :
------------------------------------------------------------X
```

**I.     Background**

On or about April 14, 2003, Joseph C. Boone ("Petitioner" or "Boone") filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), alleging that the United States Parole Commission ("Commission") "had no jurisdiction or authority to issue a detainer against petitioner under federal parole guidelines because petitioner . . . was and still is a ["District of Columbia"] Code violator, paroled under D.C. parole guidelines and subject to the rules of [the District of Columbia Board of Parole ('D.C. Board')]." (Petition at 6.) Petitioner began serving an "aggregated" sentence for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and (i) and for assault with intent to commit armed robbery and assault with intent to kidnap in violation of the D.C. Code in 1976. (Id. at 1.) Petitioner was paroled in 1991, but was sentenced to be incarcerated again in 1994 by the Honorable Harold H. Greene of the United States District Court for the District of Columbia for drug and weapon offenses ("1994 Sentence"). (Id. at 3.)

On or about June 24, 2005, United States Magistrate Judge Frank Maas, to whom this matter had been referred, issued a report and recommendation ("Report") recommending that the Petition be denied because "there is no basis for Boone's claim that the Commission should have applied the D.C. Board's procedures in deciding whether to revoke his parole," and "Boone has not established

1

the constitutional injury necessary for him to be granted habeas relief pursuant to Section 2241." (Report at 2, 18, 20.)

The Report advised that "if [the parties] have any objections to this Report and Recommendation, they must, within (10) days from today, make them in writing" pursuant to 28 U.S.C. § 636(b)(1) and Rules 6(a), 6(e), and 72(b) of the Federal Rules of Civil Procedure. (Report at 24.) On August 8, 2005, Boone filed an "Objection to Report and Recommendation" ("Petitioner's Objection"). Respondents filed a letter, dated July 26, 2005, in response to Petitioner's Objection ("Respondents' Letter").

**For the reasons stated below, the Report is adopted in all respects.**

## II.  Standard of Review

The Court may adopt those portions of a magistrate's report to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Nieves v. Kelly, 990 F. Supp. 255, 257 (S.D.N.Y. 1997). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection has been made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Gracia v. Skully, 892 F.2d 16, 19 (2d Cir. 1989); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

Where, as here, the petitioner is proceeding pro se, "leniency is generally accorded." Bey v. Human Resources Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

## III.  Analysis

The facts as set forth in the Report are incorporated herein by reference.

The Court has conducted a de novo review of the record herein, including, among other things, the Report, Petitioner's Objection, Respondents' Letter, and applicable legal authorities, and

2

concludes that the Magistrate's legal and factual determinations are supported by the record and the law in all material respects.  See 47 U.S.C. §§ 553, 605 (2005); Time Warner Cable v. Taco Rapido Rest., 988 F. Supp. 107, 111 (E.D.N.Y. 1997); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  Petitioners' Objection does not provide a basis for departing from the Report's recommendations.[1]

The Magistrate Judge correctly determined that the Commission did not abuse its discretion when it applied "federal parole standards, rather than the standards of the D.C. Board, in deciding Boone's [parole eligibility]."  (Report at 10); see Parnell v. Gunnell, No. 84 Civ. 254, 1984 WL 3229, at **2-3 (D. Conn. Aug. 9, 1984).

For one thing, the U.S. Bureau of Prisons properly aggregated the sentences arising out of Petitioner's U.S. Code and D.C. Code convictions.  (See Petitioner's Objection at 2; Petition at 2.)  And, as the Magistrate correctly explained, the Code of Federal Regulations "makes clear that a sentence which has been aggregated by the Bureau of Prisons must be 'treated as a single aggregate sentence for the purpose of every action taken by the Commission pursuant to these rules.'" (Report at 16 (citing 28 C.F.R. § 2.65(a).)  When a prisoner is serving "any combination of U.S. and D.C. Code sentences that have been aggregated by the U.S. Bureau of Prisons . . . every decision made by the Commission, including the grant, denial, and revocation of parole, is made on the basis of the aggregate sentence."  (Id.); see also Howard v. U.S. Parole Comm'n, No. 88 Civ. 1769, 1988 WL 98140 (D.D.C. Aug. 31, 1988) ("Once aggregated, the two sentences cannot then be divided.  Petitioner cannot claim that the first sentence is served first and then expires as the second one begins.  They are but a single sentence.")  As the Magistrate Judge explained, there is "no legal or factual basis for Boone's contention that he was paroled in 1991 solely on his D.C. Code offenses

---

[1] As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.  Any objections which are not specifically discussed in this Order have been considered and rejected.

3

and that his parole revocation consequently was subject only to the standards of the D.C. Board." (Report at 17.)

Second, the parole procedures employed by the Commission were appropriate. See National Capital Revitalization and Self-Government Improvement Act of 1997 ("NCRSIA"), Pub. Law. 105-33, 111 Stat. 712, 745; Simmons v. Shearin, 295 F. Supp. 2d 599, 602 (D. Md. 2003). The Commission held its initial parole hearing and revocation hearing simultaneously on January 21, 2004. (Id. at 6.) Accordingly, the Magistrate properly found that "there is no basis for Boone's claim that the Commission should have applied the D.C. Board's procedures in deciding whether to revoke his parole." (See id. at 18.)

The Magistrate also correctly determined that Petitioner "has not established the constitutional injury necessary for him to be granted habeas relief pursuant to Section 2241." (Report at 20.) Petitioner "did not have a due process right to a hearing until he was taken into custody as a parole violator," (Report at 21), which did not happen until November 26, 2003. See Moody v. Daggett, 429 U.S. 78, 87 (1976); see also Carchman v. Nash, 473 U.S. 716, 731 n.10 (1985) ("This Court has never held . . . that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing."). Petitioner's parole revocation hearing was held on January 21, 2004, i.e., within ninety days of the execution of his parole warrant on November 26, 2003, and in conformity with the Commission's published rules. See 28 C.F.R. 2.49(f) (requiring a revocation hearing to be held within ninety days of the execution of a parole violation warrant).

## IV. Certificate of Appealability

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court will not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Lucidore

v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); U.S. v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).

## V.     Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Magistrate's Report in all respects. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
September 13, 2005

*RMB*

**Richard M. Berman, U.S.D.J.**

9/13/05